1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN PROE,

      Plaintiff,                    No. CIV S-08-0541 FCD JFM PS

      vs.

NEWCASTLE MINI MART, et al.,      ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pursuant to the Supreme Court's holding in Younger v. Harris, 401 U.S. 37 (1971), the court cannot issue an injunction in a pending state action. The doctrine of abstention, which is designed to protect interests of federalism, requires dismissal of a federal claim when there is a pending state claim so as to allow the state to interpret its rules in the face of constitutional challenge. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 429-35 (1982). Younger abstention is appropriate when "(1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." Fresh International Corp. v. Agricultural Labor Relations Board, 805 F.2d 1353, 1357-58 (9th Cir. 1986). If these requirements are met, the case must be dismissed. Beltran v. State of California, 857 F.2d 542, 548 (9th Cir. 1988).

/////

Plaintiff's complaint demonstrates that there is an ongoing state court action involving plaintiff. Proe v. Newcastle Mini Mart, Case No. S CV 22603 (Placer County Superior Court).[1] The first element is met–plaintiff filed a civil rights and negligence case in state court against the same defendants named here. Second, there is an important state interest in requiring businesses to provide equal access to all citizens. The third prong is more difficult. Because the federal courts do not have exclusive jurisdiction over the ADA, plaintiff could have raised his ADA claims in the state court proceedings, along with his other claims. Thus, the third prong is also met.

In determining whether two suits involve the same cause of action, the Ninth Circuit considers the following:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second cause of action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Fund For Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992)(citation omitted).

Here, plaintiff is challenging the same transaction as in his state court suits--the negligent maintenance of the facility dba Newcastle Mini Mart which resulted in his personal injuries. In addition to his action for personal injury, plaintiff brought challenges based on violations of state law in both this and the case filed first in state court. (For example, Cal. Civ. Code §§ 54, 54.1, 54.3 & 55 and Cal. Health & Safety Code § 19955 et seq.) As noted above, plaintiff could have raised his ADA claims in state court and may seek leave to amend his complaint in state court to add his ADA claims. This court finds that plaintiff would be presenting substantially the same evidence, would involve infringement of the same right, and all of plaintiff's claims arise out of the same transactional nucleus of facts.

---

[1] Indeed, a case management conference is presently set for July 8, 2008 in Auburn, California. (Complt., Attachment 1.)

3

1  California courts have a strong interest in enforcing orders and disciplining
2  parties before the courts.  See Hirsch, 67 F.3d at 712-13.  Thus, imposition of the abstention
3  doctrine is appropriate and plaintiff's claims relating to the ongoing state court action must be
4  dismissed.  Plaintiff's complaint should be dismissed without leave to amend.
5  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
6  to proceed in forma pauperis is granted; and
7  In light of the above, IT IS HEREBY RECOMMENDED that plaintiff's
8  complaint be dismissed.
9  These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
15 F.2d 1153 (9th Cir. 1991).
16 DATED: June 18, 2008.

UNITED STATES MAGISTRATE JUDGE

20 /001;proe.56